**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL JIMENEZ, | No. 11-55672 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-01208-SVW-MLG |
| v. | |
| RALPH M. DIAZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and submitted July 8, 2014
Pasadena, California

Before: BERZON and CLIFTON, Circuit Judges, and ROSENTHAL, District Judge.[**]

Michael Jimenez appeals the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C.

§§ 1291 and 2253(a). As the parties are familiar with the facts, procedural history,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for the Southern District of Texas, sitting by designation.

and arguments, we will not recount them here. We conclude the decisions made by the California state courts were not contrary to, and did not unreasonably apply, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). Accordingly, we affirm the denial of habeas relief by the district court.

Jimenez argues that his right to due process was violated due to instructional errors by the trial court and the prosecutor. This issue was covered by the certificate of appealability previously issued. The state court concluded that the instructions, taken as a whole, provided the jury with correct legal information, highlighting the emphasis placed on the need for the jury, to find Jimenez guilty of first-degree murder, to find that Jimenez premeditated about and deliberated the killing. Instructions are considered as a whole. *Cupp v. Naughten*, 414 U.S. 141, 146–47 (1973). Ambiguous jury instructions become a matter of constitutional error only when there is a "reasonable likelihood that the jury applied the instructions in a way that violates the Constitution." *Estelle v. McGuire*, 502 U.S. 62, 72, (1991) (internal quotation marks omitted).

Jimenez does not contest the instructions as originally given. Although the trial court's effort to respond to the jury question may not have been very helpful, it did not undermine the instructions originally given. The trial court did, as the

state court noted, re-emphasize the need to find premeditation and deliberation. The trial court also explained the difference between implied and express malice, and emphasized that first-degree murder requires express malice, while second-degree murder can be based on either express or implied malice. The state court's rejection of Jimenez's argument was not unreasonable.

The state court also concluded that any errors or misstatements were harmless. That conclusion was not unreasonable, either. It was reasonable to conclude that any misstatements of law were sufficiently clarified before and after the misstatements. As a result, the misstatements would not have had a "substantial and injurious effect or influence" on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

Jimenez's argument that the trial court had a duty sua sponte to give an instruction regarding unanimity fails to identify an error of clearly established federal law or to demonstrate any prejudicial effect. *Engle v. Isaac*, 456 U.S. 107, 119 (1982).

We grant Jimenez's request to provide a certificate of appealability covering the uncertified issue argued in his opening brief, that he suffered ineffective assistance of counsel due to the failure of his trial attorney to request a jury instruction that voluntary intoxication can negate specific intent. We deny his

request to issue a certificate of appealability for other assertions of ineffective assistance of counsel, including claims regarding the negligent discharge instruction and the defense counsel's closing arguments, as those claims were not included within the opening brief, do not appear to have been presented to the district court, may not have been exhausted before the state court, and do not appear meritorious.

Considering the newly certified claim on the merits, we deny it. We apply the "doubly deferential" standard of a federal court's review under AEDPA of a state court decision denying a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Jimenez does not meet that standard. It was not unreasonable for the state court to conclude that it was a reasonable strategic decision to not request the instruction, rather than a deficient mistake. The trial transcript establishes that trial counsel preferred to have no instruction on second-degree murder, although that omission was not permitted, and he argued only that the murder simply did not occur as the trial witnesses testified it did, not that the jury should find second rather than first-degree murder. Given that "go for broke" strategy – the choice of which the state court could reasonably have concluded was not ineffective representation because of the various stories some of the trial witnesses had told

pretrial regarding how the murder occurred – asking for a "pinpoint" voluntary intoxication second-degree murder instruction would have been inconsistent with the basic defense approach.

For these reasons, we affirm the district court's denial of Jimenez's petition for a writ of habeas corpus.[1] The decisions of the California state courts were neither contrary to, nor an unreasonable application of, clearly established federal law.

**AFFIRMED.**

---

[1] While we have certified the previously uncertified issue, we do not request a response from the respondent on that issue because we do not grant relief on it. *See* 9th Cir. R. 22-1(f).